# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 21, 2022           Decided June 24, 2022

No. 20-1070

CITY OF SCOTTSDALE, ARIZONA,
PETITIONER

v.

FEDERAL AVIATION ADMINISTRATION AND STEPHEN DICKSON,
IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR, FEDERAL
AVIATION ADMINISTRATION,
RESPONDENTS

———

On Petition for Review of a Decision
of the Federal Aviation Administration

———

*Steven M. Taber* argued the cause for petitioner. With him on the briefs were *Eric Anderson* and *Esther Choe*.

*Eric M. Fraser* was on the brief for *amicus curiae* Salt River Pima-Maricopa Indian Community, et al. in support of petitioner.

*Justin D. Heminger*, Attorney, U.S. Department of Justice, argued the cause for respondents. With him on the brief were *Todd Kim*, Assistant Attorney General, *Dina B. Mishra*, Attorney, and *Catherine M. Basic*, Attorney, Federal Aviation Administration.

Before: WILKINS and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*:

The City of Scottsdale has petitioned for review of the Federal Aviation Administration's decision to approve certain east-bound flight paths out of the Phoenix Sky Harbor International Airport. It claims that the FAA did not adequately consider the environmental and historical-resource consequences of those flight paths as required by statute. 42 U.S.C. § 4332; 49 U.S.C. § 303; 54 U.S.C. § 306108. But we cannot reach the merits of those claims because Scottsdale has not established that it has standing to bring its petition.

The "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A petitioner must suffer an "injury in fact" that is "fairly traceable to the challenged action of the defendant" and that "a favorable decision" will likely redress. *Id.* at 560-61 (cleaned up). This case turns on the injury-in-fact element. To satisfy that requirement, a petitioner such as Scottsdale must point to "evidence sufficient to support its standing to seek review." *Utility Workers Union of America Local 464 v. FERC*, 896 F.3d 573, 578 (D.C. Cir. 2018) (cleaned up).

Scottsdale claims that the FAA's approval of the east-bound flight paths injured it because planes flying along those paths produce noise and pollution on property that it owns. That is the type of harm that could give Scottsdale standing. *See National Wildlife Federation v. Hodel*, 839 F.2d 694, 704 (D.C. Cir. 1988). But Scottsdale has not identified evidence

showing that it has suffered that harm.  It has directed us to no study measuring noise increases from new flight paths over city-owned property.  It has not even brought forth a declarant who stood on city-owned property at a specific time and heard a disruptive noise from a plane flying along one of the challenged flight paths.

Instead, when Scottsdale says that new flight paths make disruptive noise and increase pollution on city-owned property, it does so in the most conclusory way.  Its City Attorney's declaration identifies several city-owned places and says there is now more noise there than before.  That, however, is not enough to establish standing. *See Utility Workers Union*, 896 F.3d at 578 (requiring evidence).  The declaration lays no foundation for its assertions.  Nor does it refer to any specific flight that causes specific harm to specific property. *See City of Olmsted Falls v. FAA*, 292 F.3d 261, 267 (D.C. Cir. 2002) ("geographic proximity does not, in and of itself, confer standing on any entity under NEPA or any other statute").

Scottsdale's claim of injury is not only unsupported; it is also at least partly rebutted.  The FAA studied whether noise levels rose after the new flight paths were approved.  Its study found no recordable noise increases in Scottsdale.

Even Scottsdale's own expert report hurts Scottsdale more than it helps.  It describes planes destined for, or leaving from, local airports other than Phoenix Sky Harbor International Airport, and it notes that some of those planes fly underneath the flights from Phoenix Sky Harbor.  So any noise problems in Scottsdale might be the result of unchallenged flight paths to and from other airports.

Because the evidence in the record does not demonstrate that the challenged flight paths from Phoenix Sky Harbor have

injured Scottsdale, we dismiss Scottsdale's petition for lack of standing.